IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTIRCT OF OHIO

COLUMBUS DIVISION

CLINTON STRANGE,

Plaintiff

v.

2 19 C V 5 0 6 4

Judge Marbley

MAGISTRATE JUDGE DEAVERS

SHRI HARI GOMARKETIN LLC,

an Ohio Domestic Limited Liability Company

Defendant

CIVIL ACTION COMPLAINT

FOR WILLFUL AND KNOWING VIOLATIONS OF:

THE TELEPHONE CONSUMER PROTECTION ACT OF 1991;

THE LOUISIANA CALLER ID ANTI-SPOOFING ACT OF 2018;

&

THE LOUISIANA UNFAIR TRADE PRACTICES ACT OF 1972

**Jury Trial Demand**

## PRELIMINARY STATEMENT:

1. This is an action brought in good faith by an adult individual against Defendant SHRI HARI GOMARKETIN LLC ("GOMARKETIN"), which is an Ohio Domestic Limited Liability Company, for willful and knowing violations of the Telephone Consumer Protection Act of 1991 ("TCPA"), and Unfair and Deceptive Trade Practices under Louisiana Law.

2. The Plaintiff seeks a maximum award for damages along with injunctive relief enjoining the Defendant from future violations of these parts.

## JURISDICTION & VENUE:

3. **Jurisdiction** arises in this Court under a Federal Question pursuant to U.S. Code § 1331.

4. **Supplemental Jurisdiction** (should the Court choose to exercise it) is proper in this matter as the Plaintiff's Louisiana State Law Claims were born out of the same alleged misconduct that is under Federal Question Jurisdiction pursuant to U.S. Code § 1367.

5. **Venue** lies properly in this U.S. District Court because the Defendant can be found here pursuant to U.S. Code § 1391.

## THE PARTIES:

6. Plaintiff *pro se* Clinton Strange is an adult individual and a "person" as defined by 47 U.S.C. § 153(39); residing at the address of:

    CLINTON STRANGE
    7021 WINBURN DRIVE
    GREEWOOD, LA 71033

7. Defendant SHRI HARI GOMARKETIN LLC is an Ohio Domestic Limited Liability Company whose address for service is listed as:

BHARAT PAREKH

c/o: SHRI HARI GOMARKETIN LLC

4655 HILTON AVENUE

APARTMENT C

COLUMBUS, OH 43228

**THE FACTUAL ALLEGATIONS:**

8. The Plaintiff is annoyed by unwanted auto-dialed telemarketing solicitations.

9. Like many U.S. Consumers the Plaintiff regards them as an invasion of his privacy, a private nuisance, an intrusion on his seclusion, and they interrupt the Plaintiff from his activities of daily living. This is certainly how the Plaintiff regards the calls that the Defendant made to his cellphone.

10. These calls also caused the Plaintiff actual damages by depleting his cellphone battery's available power level by causing the phone to "awaken" from rest mode and then to illuminate, vibrate, and ring. Plaintiff had to recharge the cellphone (battery) at his own expense.

11. Each and every time the Plaintiff's answered a call placed by or on behalf of the Defendant he had to expend a measurable amount of both physical and mental energy to walk to his phone or alternatively reach for it then unlock it, answer it.

12. The Defendant's phone calls temporarily displaced the Plaintiff of his chattel which is an actionable Tort under Louisiana Law.

13. Each and every one of the Defendant's (answered) calls costed the Plaintiff minutes off his Verizon Wireless Cellphone plan for which he is solely responsible for paying each month using funds from his monthly VA disability benefits.

14. The U.S. Federal Communication Commission ("FCC") recognized that "wireless customers are charged for incoming calls whether they pay in advance or after the

minutes are used." *In re Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, CG Docket No. 02-278, Report and Order, 18 F.C.C. Rcd. 14014, 14115 ¶ 165 (2003).

15. Plaintiff alleges to have received approximately (ten) 10 calls placed by the Defendant or alternately on behalf of the Defendant GoMarketin.

16. The calls were all being placed to the Plaintiff's cellphone number 318-423-5057 using an Automatic Telephone Dialing System ("ATDS") without the express written consent of the Plaintiff.

17. On October 17, 2019 at 2:36pm CST the Defendant placed a call to the Plaintiff's cellphone number using an ATDS that appeared on the Plaintiff's Caller ID as 776-954-4167. The Plaintiff represents that the following image of the screenshot of his cellphone in reference to the call:



18. During the call that the Plaintiff received on October 17, 2019 from GoMarketin the agent recited for verification some basic identifying details regarding an old business that Plaintiff used to operate before retiring on a VA disability.

19. The Plaintiff feigned interest in the agents' offering of Google Branded products and services to try and learn the identity of the calling party so he could ascertain the legal identity of the scammers and bring suit against them.

20. The first tier agent transferred Plaintiff to a second tier agent who also provided further false and misleading statements about who the calling party was, and Plaintiff allowed GoMarketin to bill his credit card for $99.00 (Ninety-Nine U.S. Dollars).

21. Louisiana is a One-Party call state. Also, the call was directed into the forum State of Louisiana, so the Plaintiff legally recorded the approximately eleven minute conversation.

22. Plaintiff phoned back to the number that appeared on his Caller ID as 776-954-4167, and a message played "Welcome to Verizon Wireless – the number you have dialed has been changed, disconnected, or is no longer in-service" indicating that the number was spoofed.

23. It would require ATDS technology to spoof the Caller ID information.

24. Defendant's calls violated the Truth in Caller ID Act of 2009.

25. The Louisiana legislature passed a bill that prohibited Caller ID spoofing. Governor John Bell Edwards signed the bill into Law. The law is referred to as the Caller ID Anti-Spoofing Act codified at Louisiana Revised Statute 51: §1741et seq.

26. The Louisiana Caller ID Anti-Spoofing Act of 2018 provides for a private right of action for violations of the act at La. R.S. 51: §1741.5:

Remedies for violation:
A. Whoever violates the provisions of this Chapter shall be subject to injunctive relief, treble damages, court costs, and reasonable attorney fees.
B. Any person or entity who is adversely affected by a violation of this Chapter may bring an action against a person who knowingly inserts false information into a caller identification system with the intent to cause harm to, wrongfully obtain anything of value from, mislead, defraud, or deceive the recipient of a telephone call. A person who brings an action under this Chapter may seek to enjoin further violations of R.S. 51:1741.4 and seek to recover as provided for in this Section.
C. The attorney general, or a district attorney in a parish where a violation occurs, may bring an action against a violator for injunctive relief and to recover a civil penalty of up to ten thousand dollars per violation.
D. The remedies provided for in this Section shall not preclude the seeking of other remedies, including criminal remedies, provided by law.

27. It was the Defendant's *intent* to wrongfully obtain anything of value ($99.00), mislead (by stating that they were affiliated with Google), defraud (by entering into an oral contract and having zero intention to perform under that contract), and deceive (by perpetuation of their numerous falsities throughout the conversation).

28. The Defendant engages in all manner of Unfair and Deceptive Trade Practices. The Louisiana Legislature passed an act that was enacted in 1972 called the Unfair Trade Practices and Consumer Protection Law codified at La. R.S. 51: §1401et seq.

29. Louisiana Revised Statute 51: §1407(C) provides for an enhanced penalty for violations at the discretion of the Court "In addition to any other civil penalty provided for in this Section, if a person is found by the court to have engaged in any method, act, or practice in Louisiana declared to be unlawful under this Chapter, and the violation was committed against an elder person or a person with a disability, as defined in this Section, the court may impose an additional civil penalty not to exceed five thousand dollars for each violation."

30. Plaintiff alleges that he is a statutorily defined disabled person as that term is defined at §1407(D)(3), as he has service-connected disabilities which cause him to suffer from restricted mobility.

31. Plaintiff alleges that Defendant's intent and their ultimate goal was to defraud the Plaintiff out of his money which under La. R.S. 51: §1407(D)(4)(d) constituted a " Loss of funds received under a pension or retirement plan or a governmental benefits program." (Plaintiff's VA monthly benefits payment).

32. Many other consumers have complained about the Defendant's conduct and for brevity the Plaintiff will restrict his references to what information he mined off the Better Business Bureau website bbb.org (BBB).

33. GoMarketin's BBB page is https://www.bbb.org/us/oh/columbus/profile/internet-marketing-services/gomarketin-0302-70103008 (page last visited 11-14-2019) and the BBB has an ALERT posted in regard to GoMarketin's business practices that reads as follows:

## Alert
### Pattern of Complaint

BBB files indicate this business has a pattern of complaints from consumers alleging misleading and deceptive sales practices and unsatisfactory customer service. Specifically, consumers say they have received calls from Shri Hari Go Marketin alleging they are calling from Google or Google Maps. Consumers go on to say there is confusion as to the price for services whether $99 is for a month or a year. Consumers also say the company has numerous agents adn phone numbers, often agents will not identify themselves when called back for assistance.

BBB wrote to the business on February 20, 2019 and August 13, 2019 requesting their voluntary cooperation in resolving the underlying cause for the complaints and negative Customer Reviews. BBB will update this portion of the Profile when additional information is received.

34. The Plaintiff downloaded from the BBB website in regard to GoMarketin eight (8) pages of complaint data from consumers between September 4, 2019 and November 5, 2019 alleging similar misconduct as the Plaintiff has alleged [See Exhibit A].

35. The Defendant's trade name "GoMarketin" is deceptively similar to a legitimate Official Google Partner called GOMarketing (and has been since circa 2010) [see blog post https://gomarketing.com/uncategorized/goimarketing-selected-by-google-to-be-official-google-partners/].

36. The Defendant on the other hand likely has less affiliation with Google than that of the Plaintiff who subscribes to a Gmail account!

37. The Plaintiff sought to mitigate his damages against TCPA violations by registering his cellphone number 318-423-5057 on the U.S. Federal Trade Commission's Do-Not-Call Registry on January 3, 2018 and later registered his cellphone with the State of Louisiana Public Service Commission's Do-Not-Call Program on August 2, 2018 [See Exhibit B].

38. Further, when the Plaintiff was "in business" it was *solely* to perform appliance repair contract work for his employer of twenty (20) years (Sears Roebuck & Co.) as an exclusive contractor for the East Texas and North Louisiana market.

39. Simply put, the Plaintiff never undertook to operate a website or advertise his services to the general public or "hold himself out to the world" as a business. Rather, some dirty-dog insurance company likely shared his contact information with third-party lead generators and call- list builders which has resulted in Plaintiff receiving a few B2B calls every month despite the fact that his cellphone number has been registered on the Federal Do-Not-Call list for nearly two years at this point.

40. Plaintiff had no established business relationship with Defendant whatsoever prior to their final call to his cellphone on October 17, 2019.

41. Plaintiff never inquired about the Defendant's products, goods, and or services. In fact, the Plaintiff never even heard of GoMarketin before they began to solicit him by phone through their alleged illegal campaign of auto dialed calls.

42. Plaintiff seeks a maximum award of damages for at least $80,300.00 (Eighty Thousand Three Hundred U.S. Dollars) as detailed in the following counts and causes of action in the event of Default together along with permanent injunctive relief.

## THE COUNTS & CAUSES OF ACTION:
## COUNT I:
### (Plaintiff v. Defendant)
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT OF 1991
## 47 U.S. Code § 227(c)(5)
### Negligent Violations of the Do-Not-Call Prohibitions

43. The Plaintiff incorporates the foregoing paragraphs as though they were set forth at length herein.

44. Defendant and or their agents placed more than one telemarketing call to solicit goods and services to Plaintiff's cellphone that was registered on the Do-Not-Call listing more than thirty (30) days prior to the call.

45. The TCPA provides for recovery of $500.00 for each violation under this count that the Court finds was merely negligent in nature.

46. Plaintiff is entitled to and seeks injunctive relief from future violations of this part.

## COUNT II:

(Plaintiff v. Defendant)

**VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT OF 1991**

**47 U.S. Code § 227(c)(5)**

**Willful & Knowing Violations of the Do-Not-Call Prohibitions**

47. The Plaintiff incorporates the foregoing paragraphs as though they were set forth at length herein.

48. Defendant and or their agents placed more than one telemarketing call to solicit goods and services to Plaintiff's cellphone that was registered on the Do-Not-Call listing more than thirty (30) days prior to the call.

49. Defendant undertook no steps to ensure compliance with Federal or State regulations regarding the Do-Not-Call provisions as required by law.

50. The TCPA provides for recovery of $1500.00 for each violation under this count that the Court finds were willful and knowing in nature.

51. Plaintiff is entitled to and seeks injunctive relief from future violations of this part.

**COUNT III:**

(Plaintiff v. Defendant)

**VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT OF 1991**

**47 U.S. Code § 227(b)(1)(A)(iii)**

**Negligent Violations – ATDS calls to a cellular telephone**

52. The Plaintiff incorporates the foregoing paragraphs as though they were set forth at length herein.

53. Defendant and or their agents placed ~10 (ten) telemarketing calls to solicit goods and services to Plaintiff's cellphone that assigned to a cellular service wherein the Plaintiff incurs charges.

54. These calls were not made for an emergency purpose nor did they meet the requirements for any exceptions under Federal guidelines, statutes or regulations.

55. The TCPA provides for recovery of $500.00 for each violation under this count that the Court finds was merely negligent in nature.

56. Plaintiff is entitled to and seeks injunctive relief from future violations of this part.

**COUNT IV:**

**(Plaintiff v. Defendant)**

**VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT OF 1991**

**47 U.S. Code § 227(b)(1)(A)(iii)**

**Willful & Knowing Violations – ATDS calls to a cellular telephone**

57. The Plaintiff incorporates the foregoing paragraphs as though they were set forth at length herein.

58. Defendant and or their agents placed ~10 (ten) telemarketing calls to solicit goods and services to Plaintiff's cellphone that assigned to a cellular service wherein the Plaintiff incurs charges.

59. These calls were not made for an emergency purpose nor did they meet the requirements for any exceptions under Federal guidelines, statutes or regulations.

60. The Defendant showed woefully reckless disregard for both State and Federal Law in this regard. Their conduct was absolutely willful and knowing in nature.

61. The TCPA provides for recovery of $1500.00 for each violation under this count that the Court finds was committed willfully and knowingly.

62. Plaintiff is entitled to and seeks injunctive relief from future violations of this part.

## COUNT V:

### (Plaintiff v. Defendant)

### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT OF 1991

### 47 U.S. Code § 227(e)(1)

**Prohibition on provision of inaccurate caller identification information**

63. The Plaintiff incorporates the foregoing paragraphs as though they were set forth at length herein.

64. Defendant and or their agents placed ~10 (ten) telemarketing calls in violation of the Truth In Caller ID Act of 2009 with the "intent to defraud, cause harm, or wrongfully obtain anything of value".

65. The Defendant showed woefully reckless disregard for both State and Federal Law in this regard. Their conduct was absolutely willful and knowing in nature.

66. The Truth in Caller ID Act provides no direct ability for Plaintiff to recover damages save an Intervention by a State of Federal Intervenor who could make civil restitution to Plaintiff.

67. Plaintiff prays that this Court would not dismiss this count prematurely as a "no cause of action" until it be known if the FCC, FTC, or Louisiana Attorney General would decide to intervene.

68. Plaintiff is entitled to and seeks injunctive relief from future violations of this part.

### CAUSE OF ACTION No. VI:

### (Plaintiff v. Defendant)

### VIOLATIONS OF THE LOUISIANA UNFAIR TRADE PRACTICES & CONSUMER PROTECTION LAW

## Fraudulently Entering Into A Contractual Agreement Without Intention to Perform Under the Contract

69. The Plaintiff incorporates the foregoing paragraphs as though they were set forth at length herein.

70. Louisiana Civil Code Article 1953 – Definition of Fraud - "Fraud may result from misrepresentation or from silence. Fraud is a misrepresentation or a suppression of the truth made with the intention either to obtain an unjust advantage for one party or to cause a loss or inconvenience to the other. Fraud may also result from silence or inaction."

71. Louisiana Civil Code Article 1957- Proof – "Fraud need only be proved by a preponderance of the evidence and may be established by circumstantial evidence."

72. Louisiana Civil Code Article 1958.- Damages – "The party against whom rescission is granted because of fraud is liable for damages and attorney fees."

73. Plaintiff alleges that the Defendant entered into a contractual agreement with Plaintiff. Plaintiff fully performed under the contract by allowing the Defendant to bill his credit card for $99.00 (Ninety-Nine Dollars). Defendant could not perform under the contract as orally stated even if they wanted to because (1) They are not Google. (2) They are not affiliated with Google.

74. Defendant had no intention of ever performing under the contract. They just wanted the Plaintiff's money, and after unjustly enriching themselves the Plaintiff never had another communication from them.

75. Plaintiff alleges that he was harmed and damaged by this Contract Fraud and he seeks a maximum award of damages at the discretion of the Court.

76. The Plaintiff seeks rescission of the contract that the Defendant entered into by Fraud and asks that the Court further award Plaintiff injunctive relief enjoining the Defendant from future attempts to offer contracts to the Plaintiff.

## CAUSE OF ACTION No. VII:

### (Plaintiff v. Defendant)

## VIOLATIONS OF THE LOUISIANA CALLER ID ANTI-SPOOFING ACT OF 2018

## LOUISIANA REVISED STATUTE 51: §1741.5

77. The Plaintiff incorporates the foregoing paragraphs as though they were set forth at length herein.

78. Plaintiff alleges that the Defendant or agents of the Defendant placed ~10 (ten) calls to the Plaintiff's cellphone each time using a different cloned and/or spoofed Caller ID in Violation of Louisiana Laws.

79. The Plaintiff was harmed and damaged as stated in the foregoing and the Plaintiff prays for a maximum award of damages against the Defendant up to and including the enhanced penalty available at the discretion of the Court of $5,000.00 (Five Thousand Dollars) for each violation the Court finds the Defendant committed in violation of this part. *Id* at 29.

80. The Plaintiff seeks and is entitled to injunctive relief from future violations of this part.

## PRAYER FOR RELIEF:

**Jury Trial Demand;**

Plaintiff demands trial by jury on all issues so triable.

In regard to the Plaintiff's State Law Causes of Action Nos. VI through VII the Plaintiff invokes Louisiana Civil Code 2324.1 which states:
"In the assessment of damages in cases of offenses, quasi offenses, and quasi contracts, much discretion must be left to the judge or jury".

**Prayer for Relief;**

WHEREFORE, Plaintiff seeks judgement in Plaintiff's favor and damages against the Defendants, based on the following requested relief:

Statutory Damages;
Actual Damages;
Treble Damages;
Stacked Damages;
Rescission of Fraudulent Contract;
Pre and Post Judgement Interest;
Enjoinder from further violations of these parts;
Costs of litigating the action together along with all reasonable attorney's fees (if any) and court costs;
And such other and further relief as may be necessary, just and proper.

Respectfully Submitted,

X _Clinton Strange_             11-14-2019

Clinton Strange
Pro Se                            Dated
7021 Winburn Drive
Greenwood, LA 71033
318-423-5057
parsmllc@gmail.com