# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **CLINTON STRANGE,** | : |
|        **Plaintiff,** | : Case No. 2:19-CV-5064 |
|        v. | : **CHIEF JUDGE ALGENON L. MARBLEY** |
| **SHRI HARI GOMARKETIN, LLC,** | : **Magistrate Judge Elizabeth P. Deavers** |
|        **Defendant.** | : |

## OPINION & ORDER

This matter is before the Court on a Motion for Summary Judgment by pro se Defendant Shri Hari GoMarketin, LLC ("Defendant" or "GoMarketin"). (ECF No. 13). Pro se Plaintiff Clinton Strange responded in opposition on November 23, 2020. (ECF No. 14). Defendant did not reply. For the reasons set forth below, the Court **DENIES** Defendant's Motion for Summary Judgment.

## I. BACKGROUND

Plaintiff Clinton Strange is a veteran and Louisiana state resident. Mr. Strange alleges Defendant Shri Hari GoMarketin, LLC, or its agents, placed approximately ten phone calls to his personal cell phone. (Compl. ¶ 15, ECF No. 1). He submits that these calls were placed via an Automated Telephone Dialing System ("ATDS") without his written consent. (*Id.* ¶ 16). During one of these calls, on October 17, 2019, Mr. Strange allegedly spoke with at least two GoMarketin agents over a period of approximately eleven minutes and allowed GoMarketin to charge $99.00 to his credit card. (*Id.* ¶¶ 17–20). He submits that he later tried to call back the number that appeared on his Caller ID during the October 17 phone call, but that the number had been changed, disconnected, or was no longer in service. (*Id.* ¶¶ 22–23).

1

Mr. Strange alleges he attempted to mitigate his damages from TCPA violations by registering his cell phone number on the U.S. federal Trade Commission's do-not-call registry on January 3, 2018. He also registered his number with the State of Louisiana Public Service Commission's do-not-call program on August 2, 2018. (*Id.* ¶ 37, ECF No. 1, Ex. B). Furthermore, Mr. Strange represents that his previous business was as an "exclusive contractor" for Sears Roebuck & Co., but that he did not "'hold himself out to the world' as a business." (*Id.* ¶¶ 38–39). Mr. Strange also asserts he never established a business relationship with GoMarketin and never inquired about GoMarketin's products and services. (*Id.* ¶¶ 40–41).

Mr. Strange filed this case in the Southern District of Ohio on November 20, 2019. (ECF No.1) He alleges seven claims against Defendant: (1) negligent violation of the do-not-call prohibitions of the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227(c)(5) ("TCPA") (Count One); (2) willful and knowing violation of the do-not-call prohibitions of the TCPA (Count Two); (3) negligent violation of the automatic telephonic dialing system ("ATDS") prohibitions of the TCPA (Count Three); (4) willful and knowing violation of the ATDS provision of the TCPA (Count Four); (5) violation of the TCPA's prohibition on providing inaccurate caller identification information (Count Five); (6) fraud under Louisiana state law (Count Six); and (7) violations of the Louisiana Called ID Anti-Spoofing Act of 2018, Louis. Rev. Stat. 51 § 1741.5 (Count Seven).

GoMarketin answered Mr. Strange's Complaint on February 19, 2020. (ECF No. 5). GoMarketin then moved for summary judgment on November 16, 2020, and Mr. Strange responded on November 23, 2020. (ECF Nos. 13, 14). GoMarketin did not submit a reply, and the parties do not appear to have engaged in any discovery.

## II. STANDARD OF REVIEW

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Berryman v. SuperValu Holdings, Inc.*, 669 F.3d 714, 716–17 (6th Cir. 2012). The Court's purpose in considering a summary judgment motion is not "to weigh the evidence and determine the truth of the matter" but to "determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). A genuine issue for trial exists if the Court finds a jury could return a verdict, based on "sufficient evidence," in favor of the nonmoving party; evidence that is "merely colorable" or "not significantly probative," however, is not enough to defeat summary judgment. *Id.* at 249–50.

The party seeking summary judgment shoulders the initial burden of presenting the Court with law and argument in support of its motion as well as identifying the relevant portions of "'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56). If this initial burden is satisfied, the burden then shifts to the nonmoving party to set forth specific facts showing that there is a genuine issue for trial. *See* Fed. R. Civ. P. 56(e); *see also Cox v. Ky. Dep't of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995) (finding that after the burden shifts, the nonmovant must "produce evidence that results in a conflict of material fact to be resolved by a jury").

In considering the factual allegations and evidence presented in a motion for summary judgment, the Court "views factual evidence in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor." *Barrett v. Whirlpool Corp.*, 556 F.3d 502, 511 (6th Cir. 2009). Self-serving affidavits alone, however, are not enough to create an issue

of fact sufficient to survive summary judgment. *Johnson v. Washington Cnty. Career Ctr.*, 982 F. Supp. 2d 779, 788 (S.D. Ohio 2013) (Marbley, J.). Moreover, a "mere existence of a scintilla of evidence to support [the non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." *Copeland v. Machulis*, 57 F.3d 476, 479 (6th Cir. 1995); *see also Anderson,* 477 U.S. at 251.

### III. LAW & ANALYSIS

Congress passed the Telephone Consumer Protection Act to respond to "[v]oluminous consumer complaints about abuses of telephone technology—for example, computerized calls dispatched to private homes." *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 370–71 (2012). Accordingly, the TCPA makes it illegal for any person to place a call "using any automatic telephone dialing system or an artificial or prerecorded voice" to a cellphone number without obtaining the "prior express consent of the called party." 47 U.S.C. § 227(b)(1)(A)(iii). The recipient of one of these prohibited calls can sue for private money damages of at least $500 per violation. *Hill v. Homeward Residential, Inc.*, 799 F.3d 544, 548 (6th Cir. 2015) (citing § 227(b)(3)(B)).

GoMarketin appears to contend that there is no genuine issue of material fact as to whether it placed calls to Mr. Strange via ATDS or otherwise. GoMarketin submits that "Shri Hari GoMarketin LLC does not use robocalls or autodialing technology for any calls to consumers." (ECF No. 13 at 2). Similarly, GoMarketin represents that it "does not have any employee who has made a telephone call to the plaintiff, and the company does not authorize unlawful calls to consumers." (*Id.*). GoMarketin supports these statements through the affidavit of Bharat Parekh, its Chief Executive Officer. (*See* Parekh Aff., ECF No. 13-1). For the sake of completeness, the Court reproduces the affidavit statements here:

4

1. I am the CEO of Hari Shri GoMarketin LLC.

2. My company does not use robocalls or autodialing to contact customers or anyone.

3. No one has been authorized to contact Mr. Clinton Strange in violation of federal, state or local law by Hari Shri GoMarketin LLC.

(*Id.*). Mr. Parekh's affidavit was sworn and signed on November 16, 2020.

Mr. Strange, on the other hand, alleges that he "received approximately (ten) 10 calls placed by the Defendant or alternately on behalf of the Defendant GoMarketin." (Compl. ¶ 15, ECF No. 1). Mr. Strange contends that the calls were all placed to his personal cell phone number via ATDS without his consent. (*Id.* ¶ 16). These allegations, which the Court views in the light most favorable to Mr. Strange, stand in direct opposition to the statements in Mr. Parekh's affidavit and create a genuine issue of material fact for trial. Accordingly, the Court **DENIES** GoMarketin's Motion for Summary Judgment.

### IV. CONCLUSION

For the reasons articulated above, the Court **DENIES** Defendant's Motion for Summary Judgment. (ECF No. 13).

**IT IS SO ORDERED.**

                                                  **ALGENON L. MARBLEY**
                                                  **CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: July 6, 2021**